The Chief Justice
delivered the opinion of the court.
The state of demand in this case is essentially defective. The rule early established, and uniformly maintained by this court, is to require the state of demand to set out in substance, without regard to mere form or technicality, a legal cause of action; to state such facts as, if true, and proved, will entitle the plaintiff to the recovery he seeks. Argument is not necessary to shew that the plaintiff in this case cannot claim thirty dollars, or any other sum, from the defendant, because he used and occupied a messuage in the township of Woolwich, from the 25th of March, 1823, Jo the 2oth March, 1824; nor the sum of twenty-five dollars, because he used and occupied certain laud in the same township on which -was removed a house, the property of the defendant, from the 8th November, 1825, to the 12th of April, 1828. Yet such is the only cause of action set out in this state of demand. If such be a legal ground of action, if may be difficult to say who of the resident householders and landholders of Woolwich, are exempt; or from which of them the plaintiff below may not make a similar demand. In Stretch v. Forsyth, Pen. 713, several of the sums charged, were for repairs done to a tan-yard; the court said, the state of demand ought to have set out how the defendant below, Stretch, was answerable for the repairs. In Katts v. Armstrong, Penn. 817, the state of demand was, “ To damage, one hundred dollars, by taking away a line fence.” The court said, “ It is not particular enough. It ought at least to shew that the fence was the fence of the plaintiff below.”
Let the judgment be reversed.